### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No. SA CV 20-00289-DOC-KES                    Date:  April 30, 2020

Title: TARRY BROWN v. FIRST TRANSIT, INC. ET AL.

PRESENT:

#### THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING CASE**

     Having considered the record before the Court, the Court finds that federal jurisdiction does not obtain and accordingly REMANDS this action to state court.

## I.   Background

### A.   Facts

     The following facts are drawn from Plaintiff Tarry Brown's ("Plaintiff") Complaint (Dkt. 1-1). Plaintiff was employed as a "Coach Operator" by Defendant First Transit, Inc. ("Defendant"), starting around September 2015. Compl. ¶ 14. Around July 2019, Plaintiff realized that he had sustained a knee injury from repeatedly stepping on the brake pedal while driving his bus. *Id.* ¶ 16. Plaintiff notified his supervisor of his injury, filed a workers' compensation claim, and visited a physician, who diagnosed him with arthritis. *Id.* ¶¶ 16-18. After Plaintiff notified Defendant that he would need to be placed on a light, restricted work duty, Defendant refused to engage in an interactive process to discuss the needed restrictions and failed to provide Plaintiff any accommodation. *Id.* ¶ 19. Plaintiff's supervisor became increasingly hostile towards him, causing Plaintiff to abandon his workers' compensation claim in order to keep his job. *Id.* ¶ 20. On or about October 23, 2019, Plaintiff was called into a meeting, wherein

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00289-DOC-KES                                    Date: April 30, 2020
                                                                   Page 2

Defendant falsely accused him of using an electronic device while driving. *Id.* ¶ 20.
Plaintiff was placed on administrative leave, and subsequently fired on October 28, 2019.
*Id.* ¶ 21.

### B.    Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of
Orange, on January 2, 2020 (Dkt. 1-1). Plaintiff's Complaint brings the following six
causes of action under California state law:

(1) wrongful termination in violation of public policy;
(2) discrimination based on disability;
(3) retaliation;
(4) failure to take reasonable steps to prevent discrimination;
(5) failure to provide reasonable accommodation; and
(6) failure to engage in a good faith interactive process.

*See generally* Compl.

Defendant removed the case to this Court on February 12, 2020. *See generally*
Notice of Removal ("Notice") (Dkt. 1). Defendant argues that this case has diversity
jurisdiction under 28 U.S.C. § 1332 and that removal is proper under 28 U.S.C. § 1441.
Notice ¶ 1.

## II.    Legal Standard

"If at any time before final judgment it appears that the district court lacks subject
matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case
from state court to federal court is governed by 28 U.S.C. § 1441, which provides in
relevant part that "any civil action brought in a State court of which the district courts of
the United States have original jurisdiction, may be removed . . . to the district court of
the United States for the district and division embracing the place where such action is
pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal
jurisdiction," and the party seeking removal "bears the burden of establishing federal
jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)
(emphasis added) (citations omitted). A federal court may order remand for lack of
subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00289-DOC-KES                                   Date: April 30, 2020
                                                                                              Page 3

    Federal diversity jurisdiction requires that the parties be citizens of different states
and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity
jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign
state by which it has been incorporated and of the State or foreign state where it has its
principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff
from the same state as any single defendant destroys "complete diversity" and strips the
federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah
Servs., Inc.*, 545 U.S. 546, 553 (2005).

    Generally, a removing defendant must prove by a preponderance of the evidence
that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v.
McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively
alleges an amount in controversy greater than $75,000, the jurisdictional requirement is
"presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a
"legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury
Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Circus Enters.*,
231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where
the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles,
Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d
398, 403-04 (9th Cir. 1996).

    A removing defendant "may not meet [its] burden by simply reciting some
'magical incantation' to the effect that 'the matter in controversy exceeds the sum of
[$75,000],' but instead, must set forth in the removal petition the underlying facts
supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v.
Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*,
980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously
alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000
in its complaint, the burden lies with the defendant to show by a preponderance of the
evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v.
Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*,
506 F.3d at 699.

    While the defendant must "set forth the *underlying facts* supporting its assertion
that the amount in controversy exceeds the statutory minimum," the standard is not so
taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims
for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D.
Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00289-DOC-KES                    Date: April 30, 2020
                                                                                          Page 4

than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148-49.

        If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101-02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III.    Discussion

### A. Diversity Jurisdiction Does Not Obtain Because Defendant Has Not Met Its Burden to Show That the Amount in Controversy Exceeds $75,000

        As stated above, Defendant must show by a preponderance of the evidence that the amount in controversy is greater than $75,000. The Notice of Removal—which approximates lost wages of $9484.80 at the time of filing, and speculates on the basis of past cases that attorneys' fees would exceed the jurisdictional minimum—fails to carry this burden. *See* Notice ¶¶ 14-15. Because it has not been shown, to this Court's satisfaction, that it is more likely than not that the amount in controversy exceeds $75,000, the Court finds that it does not have jurisdiction and that removal was improper.

## IV.    Disposition

        For the reasons set forth above, the Court, on its own motion, REMANDS this action to Orange County Superior Court.

        The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: kd

CIVIL-GEN

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-00289-DOC-KES                                       Date: April 30, 2020
                                                                                                    Page 5